```
RUSS, AUGUST & KABAT
LARRY C. RUSS, State Bar No. 082760
E-mail: lcruss@raklaw.com
MARC A. FENSTER, State Bar No. 181067
E-mail: mfenster@raklaw.com
IRENE Y. LEE, State Bar No. 213625
E-mail: ilee@raklaw.com
12424 Wilshire Boulevard, Twelfth Floor
Los Angeles, California 90025
Telephone:  310.826.7474
Facsimile:   310.826.6991
```

FILED
2008 MAY 30  AM 11:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Attorneys for Plaintiff Pinkberry, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKBERRY, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COLD STONE CREAMERY, INC., an Arizona corporation; KAHALA ACQUISITION V, L.L.C., an Arizona limited liability company; and KAHALA CORP., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. CV08-03550 (SHx)<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>1.　FEDERAL TRADEMARK INFRINGEMENT<br><br>2.　UNFAIR COMPETITION<br><br>3.　FALSE DESIGNATION OF ORIGIN<br><br>4.　UNFAIR COMPETITION UNDER CALIFORNIA STATUTE<br><br>5.　INJURY TO BUSINESS REPUTATION UNDER CALIFORNIA COMMON LAW<br><br>6.　TRADEMARK DILUTION UNDER CALIFORNIA STATUTE<br><br>DEMAND FOR JURY TRIAL |

GW

2751-06 080530 Complaint

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Pinkberry, Inc. by its attorneys, as and for its Complaint against Defendants, Cold Stone Creamery, Inc., Kahala Acquisition V, L.L.C., and Kahala Corp., alleges as follows:

## JURISDICTION AND VENUE

1. This is a complaint for trademark infringement, unfair competition, and false designation of origin arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (trademark infringement) and 1125(a)(1)(A) and (B) (unfair competition and false designation of origin), for unfair business practice arising under California Business and Professions Code § 17200 et seq., for injury to business reputation arising under California common law, and for trademark dilution under California Business and Professions Code § 14330 et seq.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendants Cold Stone Creamery, Inc., Kahala Acquisition V, L.L.C., and Kahala Corp. because they maintain their respective places of business and conduct business in the State of California.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to the claims occurred in this district, a substantial part of property that is the subject of the action is situated in this district, and the Defendants were and are subject to personal jurisdiction in this district at the time the action was commenced.

## PARTIES

5. Plaintiff Pinkberry, Inc. ("Pinkberry") is, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California, having a place of business at 6310 San Vicente Boulevard, Suite 100,

Russ, August & Kabat

2751-06 080530 Complaint

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Los Angeles, California 90048. Pinkberry's primary line of business is the retail sale of low-calorie, fat-free, tangy-tasting frozen yogurt and smoothies. Pinkberry operates stores throughout Los Angeles and elsewhere within this district as well as in interstate commerce.

6. On information and belief, Defendant Cold Stone Creamery, Inc. ("Cold Stone") is, and at all times relevant hereto has been, a corporation organized and existing under the laws of Arizona, having a place of business at 9311 East Via de Ventura, Scottsdale, Arizona 85258 and operating dozens of Cold Stone stores throughout Los Angeles and elsewhere within this district. Cold Stone's primary line of business is the retail sale of high-calorie, hand-packed, creamy ice cream on a frozen granite stone. On information and belief, at least as early as November 2007, Cold Stone started offering for sale low-calorie, fat-free, tangy-tasting frozen yogurt that is a direct rip-off of Pinkberry's concept under the name "Tartberry."

7. On information and belief, Defendant Kahala Acquisition V, L.L.C. ("Kahala LLC") is, and at all times relevant hereto has been, a limited liability company organized and existing under the laws of Arizona, having a place of business at 9311 East Via de Ventura, Scottsdale, Arizona 85258. On information and belief, Kahala LLC is the parent company of Cold Stone.

8. On information and belief, Defendant Kahala Corp. ("Kahala Corp.") is, and at all times relevant hereto has been, a corporation organized and existing under the laws of Delaware, having a place of business at 9311 East Via de Ventura, Scottsdale, Arizona 85258. On information and belief, Kahala Corp. is the parent company of Kahala LLC.

9. On information and belief, at all times relevant to the allegations in the Complaint, each Defendant was the agent, employee, servant, partner and/or co-conspirator of each of the other Defendants and/or is in some other manner legally liable for the conduct and damages at issue in this action and was acting

2751-06 080530 Complaint

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

within the course and scope of one or more of such relationships and with the direct or implied knowledge, consent and/or ratification of each of the other Defendants.

## SUMMARY OVERVIEW OF COMPLAINT

10. Defendants' Tartberry is a Pinkberry rip-off. It is a copycat that Defendants have adopted to build their market, market share and customer base off the name and growing nation-wide renown of the Pinkberry yogurt shops. Much the way that Apple Computers revolutionized the computer industry, raising the design standards and operating systems of the previously staid "beige box" computer market, Pinkberry has and is revolutionizing the yogurt business and consumer experience with a product selection and look and feel that is uniquely Pinkberry.

11. Consumers responded to the opening of the first Pinkberry in West Hollywood, California with wild enthusiasm as well as affection for the product and the brand. This response was manifested by the long lines and press coverage that the initial location(s) received. Pinkberry was a success.

12. Pinkberry's success was noted by its competitors and would-be competitors alike. On information and belief, Defendants, whose business only focused on serving high-calorie, hand-packed, creamy ice cream on a cold granite stone, watched Pinkberry's ascendancy with interest. On information and belief, they consciously and willfully hatched a scheme to copy Pinkberry's success by introducing low-calorie, fat-free, tasting frozen yogurt, under the name "Tartberry."

13. Aside from choosing a name that is confusingly similar to Pinkberry's name, Defendants tried to copy other elements of Pinkberry, from its limited selection of two yogurt flavors[1] down to the three blueberries featured in Pinkberry's signature photograph.

---

[1] Until January 2008, Pinkberry offered only two flavors: plain and green tea.

14.     Pinkberry has been and continues to be damaged by Defendants' infringing activities under the "Tartberry" mark. Despite Pinkberry's requests to stop such infringing activities, Defendants refused, thereby necessitating this lawsuit.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### A.   PINKBERRY'S CREATION AND FIRST USE OF ITS "PINKBERRY" TRADEMARK, SERVICE MARK AND TRADE NAME.

15.     Commencing in or about January 2005, Pinkberry began marketing and selling a unique line of low-calorie, fat-free, tangy-tasting frozen yogurt, smoothies, and shaved ice that Pinkberry had created and developed.

16.     Since January 2005, Plaintiff began using, and is currently using, its "Pinkberry" trademark, service mark, and trade name in connection with the manufacture, marketing and sale of its yogurt, smoothies, yogurt shops and related services in interstate commerce.

17.     Before opening the first store in January 2005, the founders of Pinkberry, Hye-Kyung ("Shelly") Hwang and Young Lee, came up with the fanciful name "Pinkberry" reflecting their novel store concept and fresh products.

18.     On May 4, 2006, Pinkberry, Inc. applied to register the "Pinkberry" mark with the Untied States Patent and Trademark Office ("USPTO") and identified "frozen yogurt, frozen yogurt based desserts combined with fruit, nuts, cereal and shaved ice and rice cakes, and smoothies" as the products on which the claimed mark had been and continued to be used. On October 2, 2007, the USPTO approved the application and issued a Certificate of Registration under Registration Number 3,302,143. A true and correct copy of the registration certificate is attached hereto as **Exhibit "A"**, along with true and correct copies of examples of Pinkberry's use of the mark, all of which are incorporated by this reference as if set forth in full herein.

19. Since January 2005, the "Pinkberry" brand products, shops and services, and "Pinkberry" trademark, service mark, and trade name have been widely used and recognized in the United States. Through widespread and favorable public acceptance and recognition, Pinkberry's distinctive trademark, service mark and trade name have become a famous mark and name widely recognized by the public.

20. Pinkberry has expended money, time and effort in the promotion of its "Pinkberry" brand products and services as well as in the enforcement of Pinkberry's rights in the trademark, service mark, and trade name throughout the United States.

21. By virtue of such efforts by Pinkberry, its "Pinkberry" trademark, service mark, and trade name have become associated in the minds of consumers and in the minds of the general public with Pinkberry and have become an asset of substantial value to Pinkberry and a symbol of its quality products and services and valuable goodwill.

22. In 2006, Pinkberry registered with the State of California as a franchising company and has entered into franchise agreements with franchisees who are permitted to use the "Pinkberry" trademark, service mark, and trade name and market and provide the "Pinkberry" brand products and services, under the strict supervision and guidelines established by Pinkberry.

23. Pinkberry has entered into franchise agreements with franchisees in various locations in this district. As a result of Pinkberry's efforts, Pinkberry has expanded from one location in West Hollywood to 55 locations: 43 locations in Southern California (i.e., Americana, Glendale; Barrington Court, Brentwood; Belmont Shore, Long Beach; Beverly Hills; South Beverly Hills; Gorham, Brentwood; Century City; Corona; El Segundo; Farmers Market, Los Angeles; Fashion Island, Newport Beach; Huntington Beach; Irvine; Koreatown, Los Angeles; La Canada; La Habra; Larchmont, Los Angeles; Little Tokyo, Los

1  Angeles; Long Beach; Los Feliz, Los Angeles; Marina del Rey; Marina Waterside;
2  Melrose, Mira Loma; West Hollywood; Montana Ave., Santa Monica; Northridge;
3  Pasadena; Rancho Cucamonga; Rolling Hills; Rowland Heights; Santa Ana;
4  Silverlake, Los Angeles; Studio City; Sunset Blvd., Los Angeles; Temecula;
5  Topanga Mall, Canoga Park; Tustin; Valencia; Venice; West Hollywood; West
6  Los Angeles; Westlake Village; and Westwood); and 12 locations in New York
7  (i.e., 32nd Street; Chelsea; Columbia; Columbus Circle; Flushing; Gramercy;
8  Greenwich Village; Spring Street; St. Marks; Union Square; Upper East Side and
9  Upper West Side).

B.  **DEFENDANTS' UNLAWFUL CONDUCT**

24.  Defendants offer for sale and sell low-calorie, fat-free, tangy-tasting frozen yogurt under the copycat name "Tartberry." Defendants tried to copy Pinkberry, from Pinkberry's unique, creative trademark to its limited selection of two flavors even to the three blueberries featured in Pinkberry's signature photograph of its yogurt.

25.  On information and belief, beginning at least as early as November 2007, Defendants started using the "Tartberry" mark in connection with their products, services and/or shops in competition with Pinkberry's in contravention of Pinkberry's rights. True and correct copies of Defendants' "Tartberry" promotion are attached as **Exhibit "B"** hereto, and are incorporated by this reference as if set forth in full herein.

26.  On information and belief, fully aware that Pinkberry owned the rights to the "Pinkberry" trademark, service mark and trade name, on or about January 22, 2008, Defendant Cold Stone filed with the USPTO an Intent to Use (ITU) application for the mark "Tartberry" and identified the following goods as the ones upon which Cold Stone intended to use the mark: "frozen confections, frozen yogurt, milk-based frozen desserts, smoothies and frozen drinks." A copy

RUSS, AUGUST & KABAT

2751-06 080530 Complaint

6

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

of the application from the USPTO database is attached hereto as **Exhibit "C"** and incorporated by this reference as if set forth in full herein.

27. On information and belief, fully aware that Pinkberry owned the rights to the Pinkberry trademark, service mark and trade name, on March 11, 2008, Defendant Kahala Corp. filed with the USPTO an Intent to Use (ITU) application for the mark "Tartberry" and identified the following goods as the ones upon which Kahala Corp. intended to use the mark: "frozen confections, frozen yogurt, milk-based frozen desserts, smoothies and frozen drinks." A copy of the application from the USPTO database is attached hereto as **Exhibit "D"** and incorporated by this reference as if set forth in full herein.

28. Defendants' use of the "Tartberry" mark in their promotion and advertising constitutes the use in commerce of a colorable imitation, copy and reproduction of the "Pinkberry" trademark, service mark, and trade name. Defendants' use of "Tartberry" for low-calorie, fat-free, tangy-tasting frozen yogurt and smoothies is deceptively and confusingly similar to Pinkberry's trademark, service mark and trade name for the identical products.

29. Defendants' "Tartberry" low-calorie, fat-free, tangy-tasting frozen yogurt and smoothies will be distributed and sold in the same types of retail channels and to the same classes of purchasers as Pinkberry's low-calorie, fat-free, tangy-tasting frozen yogurt and smoothies.

30. Defendants' use of "Tartberry" mark is likely to cause confusion, mistake, or deception in the minds of the public.

31. Despite demands by Pinkberry, Defendants continued to use and are continuing to use and infringe Pinkberry's trademark, service mark, and trade name.

32. Defendants' infringement constitutes a willful and malicious violation of Pinkberry's trademark rights, aimed at preventing Pinkberry from continuing to build a business around the "Pinkberry" mark that Pinkberry has created and owns.